CLARDY *v.* HUDSPETH.

Opinion delivered February 1, 1909.

NEGLIGENCE—BREAKING PLATE GLASS WINDOW—DEFENSE.—In an action for negligently breaking a plate-glass window in a building used as a post office, an answer fails to state a good defense which alleges that defendant went into the postoffice on business, and without negligence struck his knee against the window and broke the glass, and that from the outside the doors are easily distinguishable from the windows, but that the interior of the building with its glass front is puzzling to an ordinary person, especially to him at the time with the light from the west was reflected in his face.

Appeal from Howard Circuit Court; *James S. Steel,* Judge; affirmed.

*Sain & Sain,* for appellant.

*J. W. Bishop,* for appellee.

BATTLE, J.  Hudspeth sued Clardy to recover the sum of $35 damages caused by breaking a plate glass window in the post office, in the town of Nashville, Arkansas.  He alleged that "he was the owner of a certain brick building in the town of Nashville, Arkansas, situated on the corner of Main and Clark streets on lot 24, block 25, which is known as the post office building. That on the 10th day of January, 1907, the plaintiff being the owner of said building and premises, the defendant grossly and carelessly walked through, and broke one large plate-glass window then and there being permanently set and fixed and annexed to the building and a part thereof, of the value of $35, and to the injury of the property of plaintiff as aforesaid and to his damage in the sum of $35.  That defendant refuses to recompense him for the injury and damage aforesaid, and fails and refuses to pay

for the replacing of the plate-glass so broken ·by him as afore-
said, to the plaintiff's damage in the sum of $35.

Defendant answered as follows: "Defendant denied that he
on the 10th day of January, 1907, grossly and carelessly walked
through, and broke one large plate-glass window of the value of
$35, or of any other sum. Defendant alleges the truth to be that,
on or about the 9th day of January, 1907, he was in Nashville,
Arkansas, and, desiring to purchase a money order in the after-
noon of said day, between the hours 'of 4 and 5 o'clock, went into
said post office for that purpose; that the post office has a plate-
glass front, including glass doors, which are set in said building;
that the doors from the sidewalk are easily distinguished from the
other portion of the front view, but after entering the building
the interior shape with the glass front is somewhat puzzling to the
ordinary person, especially to one who was not acquainted with
the building, and had never been inside of it but a few times; that
this defendant had never been in the post office building but one
time before the time herein stated, and knew nothing of the in-
terior construction of it.

"Defendant further stated that, after he purchased the money
order, he turned, as he thought, towards the entrance, which was
only a few feet from where he had purchased the money order,
in direct line to the sidewalk from where, as he thought, he had
entered the building, and without any carelessness or negligence
on his part, and before he realized he was approaching the door
of the building, his knee struck the glass window of the building
and broke the glass therein. That the breaking of the glass was
unavoidable, and one which no person under the peculiar cir-
cumstances could have avoided, as said building was fronting
west and the light from the west was reflected in his face at the
time of the accident."

The plaintiff demurred to the answer, and the court sustained
the demurrer, and defendant refused to plead further, and the
court rendered judgment against him for $35; and he appealed.

Appellant does not deny that he knew that the post office had
a plate-glass front, including glass doors. He states "that the
doors from the sidewalk are easily distinguishable from the other
portion of the front view, but after entering the building the in-·
terior shape with the glass front is somewhat puzzling to the

ordinary person," especially to him at the time as "the light from the west was reflected in his face." It is evident that he knew that the building had a plate-glass front, including glass doors, at the time he entered the building. The fact that he could not see the glass after entering the building did not deprive him of the knowledge that it was there, but should have warned him that it was necessary for him to ascertain where it was before making his exit, in order to avoid accidents. He was manifestly guilty of negligence in breaking the glass.

There is no controversy here about the value of the glass.

Judgment affirmed.