### A. C. BURTON CO., Inc. v. STASNY et al.
### No. 12116.

Court of Civil Appeals of Texas. Galveston.

July 28, 1949.

Rehearing Denied Oct. 6, 1949.

Fulbright, Crooker, Freeman & Bates, John V. Singleton, Jr., and W. N. Arnold, Jr., Houston, for appellant.

George Red, Pat N. Fahey, and T. J. Caldwell, Houston, for appellee.

MONTEITH, Chief Justice.

This action was brought by appellee, Charles A. Stasny, as father and next friend of Charles Stasny, for the recovery of damages for personal injuries alleged to have been sustained by Charles Stasny as a result of having walked through a plate glass window in the premises occupied by appellant, A. C. Burton Company, Inc.

The damages sought were alleged to have been caused by appellant's negligence in maintaining a window in its showroom in Houston, Texas, that had all the appearance and looked like an open door, without markings to guard the approach of customers. Appellee alleged that the window was maintained in such a way as to lead persons approaching the window to think that it was a door; that it was completely transparent and highly polished, and not readily visible to a person approaching it from the inside of the building.

Appellant answered by a general denial and a plea of contributory negligence and assumed risk.

In answer to special issues submitted a jury found that appellant was guilty of negligence in not maintaining a guard rail across said window and in failing to place markings thereon, and that such negligence on the part of appellant were proximate causes of appellee's injuries. The jury found that Charles Stasny was walking with his head down at the time he was injured, but that such action was not negligence, and that he did not fail to keep a lookout in the direction in which he was walking immediately before he was injured, and that he did not know there was a plate glass window at the place he walked into. They assessed his damages in the sum of $3000.00 and the judgment was in appellee's favor in that amount.

Under its first two points of error appellant contends that the trial court erred in overruling its motion for an instructed verdict, which was timely made at the conclusion of appellee's case, for the reason that the plate glass window through which appellee walked was open and obvious and that it was known or by the exercise of ordinary care should have been known by appellee to be a plate glass window. Under its third point of error appellant contends that the answer of the jury to special issue No. 10 that Charles Stasny did not know before the accident occurred that there was a plate glass window at the place where he walked into it as he was leaving appellant's showroom floor was contrary to the overwhelming weight and preponderance of the evidence.

The record reflects that, at the time of the accident in question, Charles Stasny was 16 years of age; that on the afternoon of September 10, 1947, he went to appellant's place of business to purchase parts for his automobile, and that, after making his purchase, he walked toward the front of appellant's showroom by the same route he had followed in entering the building, but that instead of walking through the doors provided for such purpose, he walked through a plate glass window located at the right of the doorway, causing the alleged injuries.

The entrance to appellant's place of business consisted of double doors constructed of iron grill-work. Appellee testified that when he entered appellant's place of business he saw and observed the plate glass window through which he subsequently walked and knew it to be a plate glass window; that he proceeded through the grill-work doors, pushing them inward, and proceeded across the showroom floor, some forty feet in width, to the parts department, which was located in the rear of the building; that after making his purchase in the parts department he again entered the showroom; that as he entered the showroom he looked up and saw that the grill-work doors through which he had entered were closed; that he then dropped his head, looking toward the floor, and never looked up again until he walked through the plate glass window.

It has been uniformly held by the courts of this State that the right of recovery for injuries resulting from negligence is based upon the violation of a duty. In the case of Furst-Edwards & Co. v. St. Louis Southwestern R. Co., Tex.Civ.App., 146 S.W. 1024, 1028, w/e ref., it was held that "The right of recovery for injuries resulting from negligence is based upon the violation of duty", and that "The inquiry in each case of alleged damages is, What was the legal duty of the defendant under the circumstances of the case?"

The question then presented in this appeal is what were the legal duties of appellant under the facts in this case.

In the case of Marshall v. San Jacinto Bldg., Tex.Civ.App., 67 S.W.2d 372, 374, w/e ref., the court, under a similar state of facts, announced the rule of law defining the duties of the owners and operators of premises with reference to alleged dangerous conditions thereof to invitees using the building for legitimate business purposes. The court, in its opinion, quoting with approval from 45 C.J. 837, said: " 'The duty to keep premises safe for invitees applies only to defects or conditions which are in the nature of hid-

den dangers, traps, snares, pitfalls, and the like, in that they are not known to the invitee, and would not be observed by him in the exercise of ordinary care. The invitee assumes all normal or ordinary risks attendant upon the use of the premises, and the owner or occupant is under no duty to reconstruct or alter the premises so as to obviate known and obvious dangers, nor is he liable for injury to an invitee resulting from a danger which was obvious or should have been observed in the exercise of reasonable care.' Again, at page 868, same volume: 'No precautions are necessary where the danger is obvious and unconcealed, or known to the person injured, or where it was the duty of the person injured to do the thing, failure to do which caused the injury.' To the same effect is the rule announced by 20 R.C.L. pp. 56, 57: 'The true ground of liability is the proprietor's superior knowledge of the perilous instrumentality and the danger therefrom to persons going upon the property. * * * And, hence, there is no liability for injuries from dangers that are obvious, or as well known to the person injured as to the owner or occupant.' Our Supreme Court announced the same general rule in Stimpson v. Bartex Pipe Line Co., 120 Tex. 232, 36 S.W.2d 473, 476: 'If it appears that the injury complained of was produced by a peril of an obvious or patent character a recovery should be denied.' "

In the recent case of Houston National Bank v. Adair, 146 Tex. 387, 207 S.W.2d 374, 376, the Supreme Court affirmed a judgment in favor of the Bank, under a factual situation similar in all material respects to those in the instant case. In its opinion the Court said:

"The bank owed a duty to Mrs. Adair, as a business invitee, to protect her against conditions of the premises which would involve an unreasonable risk to her safety, the danger of which would not be open or obvious to a person exercising ordinary care. * * *

"Mrs. Adair's testimony that she did not realize that she was in danger or that the stairs were slick until she started slipping is merely a statement of her subjective mental condition. The condition of the stairs was as easily perceptible to Mrs. Adair as to the Bank, or its employees. * * *

"All of these conditions being open and obvious to Mrs. Adair when she started down the stairway, it follows as a matter of law that the evidence does not show that the Bank violated its duty to Mrs. Adair, and the plaintiff is barred from recovery because Mrs. Adair voluntarily exposed herself to such risks as existed."

In the case of Fergeson v. National Bank of Commerce, Tex.Civ.App., 174 S.W.2d 1015, 1016, under a similar factual situation, this Court, speaking through Justice Graves, said: "There is no doubt—indeed, appellant herself so insists—that in her situation the well-settled rule of law is that appellee's only legal duty to her as such an invitee was to use reasonable care to keep its stairs and lights in a reasonably safe condition for her use in traversing the same on the occasion in question, and that in no sense was it an insurer of her safety in so doing. 45 C.J. pp. 837 and 868; 20 R.C.L. pp. 56 and 57."

In the instant case appellee testified that when he went into appellant's place of business he went in through the ornamental iron doors; that at that time he walked up to the window he later walked through and saw that it was a window and that he walked around it and went through the grill-work doors. He testified that, upon leaving the parts department, he first looked up and saw the same ornamental grill-work doors through which he had entered appellant's place of business, and that he dropped his head when some thirty feet from the doors and the plate glass window in question, and continued to walk with his head down, never looking up until he had crashed through the window. He testified that he "never really looked straight ahead."

For the reasons stated we think that appellant was not liable for the injuries suffered by appellee.

The cited authorities by the Supreme Court of this State are, we think, controlling in this appeal. It is apparent from

the evidence adduced that the danger of injuring himself by walking into said window was obvious to appellee or that it should have been observed by him in the exercise of reasonable care.

Decisions from other jurisdictions dealing with a similar state of facts, with few exceptions, follow the lines of reasoning adopted by our courts.

In the case of Clardy v. Hudspeth, 89 Ark. 189, 115 S.W. 1134, 21 L.R.A.,N.S., 702, the plaintiff sought recovery of damages caused by the breaking of a plate glass window by the defendant as he was leaving the owner's place of business. In his answer the defendant pleaded the building had a plate glass front, including glass doors, which were easily distinguishable from the other portion of the front view, but after entering the building the interior was puzzling to one who was not acquainted with it; that when he returned, as he thought, toward the entrance, which was in direct line to the sidewalk from where, as he thought, he had entered the building, without any carelessness or negligence on his part, and before he realized he was approaching the door of the building, his knees struck a glass window; that the breaking of the glass was unavoidable, as said building was fronting west and the light from the west was in his face at the time of the accident. The Supreme Court of Arkansas, in affirming the judgment, held that it was evident that the plaintiff knew that the building had a plate glass front, including glass doors, at the time he entered the building and that the fact that he could not see the glass after entering the building did not deprive him of the knowledge that it was there, and that this fact should have warned him that it was necessary for him to ascertain where it was before making his exit, in order to avoid accidents, and that he was manifestly guilty of negligence in breaking the glass.

The case of Rosenberg v. Hartman, 313 Mass. 54, 46 N.E.2d 406, involved an injury which occurred when plaintiff was leaving a store which he had previously entered through an open door which had, in the meantime, been closed, and with which he collided on leaving the owner's premises. The Supreme Court of Massachusetts, in affirming the trial court's instruction in favor of defendant, said: "We do not think negligence ought to be found merely because the door was made of one large piece of glass. It could not have been wholly invisible. * * * A door is to be expected at the entrance of a store. A door of this kind is to be classed with other forms of construction such as various types, whether new or old, of doors, floors, stairs, and ramps, not out of repair, upon which it is possible for an invitee to receive injury, but which are not of such a character that danger is reasonably to be anticipated from them to persons exercising ordinary care."

In the instant case it is undisputed in the record that the plate glass window through which appellant walked was small as compared with the double entrance doors, which were clearly defined, and that appellee had full knowledge of these facts and had testified that he not only knew of the presence of the plate glass window, but that, as he was leaving the parts department, and when some twenty feet away from the doors, he looked up and saw the doors through which he had entered appellant's premises, and that he then lowered his head and walked with his head down until he walked through the window. It is undisputed that there was nothing to prevent appellee from leaving appellant's premises through the very doors which he had entered.

It follows, we think, that appellant's request for an instructed verdict should have been granted. Under the above authorities the judgment of the trial court must be reversed and judgment here rendered in favor of appellant.