ACME LAUNDRY COMPANY, Appellant,

v.

William E. FORD, Appellee.

No. 5125.

Court of Civil Appeals of Texas.

El Paso.

Oct. 26, 1955.

Rehearing Denied Nov. 16; 1955.

---

· Hardie, Grambling Sims & Feuille, El Paso, for appellant.

Burges, Scott, Rasberry & Hulse, El Paso, for appellee.

### · McGILL, Justice.

This is a personal injury suit brought by appellee against appellant for damages for personal injuries sustained by him when he walked against and broke a plate glass window when leaving appellant's laundry. The case was tried to a jury, and on a verdict favorable to plaintiff the court rendered judgment for $1,353.50 against appellant.

Appellant's points are that the trial court erred in overruling its motion for an instructed verdict and its motion for judgment notwithstanding the verdict, and in rendering any judgment against appellant in favor of appellee.

Appellant's first contention is that as a matter of law, under the undisputed facts appellant was not guilty of any actionable negligence in maintaining the glass wall as it was designed and located. In answer to question No. 1 the jury found that the defendant maintained a solid glass wall in panels so designed and located as to appear to be an open doorway, and in answer to subsequent questions they found that the maintenance of such glass wall was negligence and a proximate cause of the accident. They also found the defendant negligent in failing to maintain a suitable barrier or obstruction in front of said wall for the protection of persons on the premises, including plaintiff, and that such negligence was a proximate cause of the accident.

Appellee's main contention is that the glass panel in question was not open and obvious, as it was formed just the size of a doorway and the glass was clear and not visible at the time of the accident, thus giving the panel the appearance of an open doorway, and that hence the defendant was negligent in not keeping barriers or warning signs to warn customers of the presence of this deceiving glass panel.

There was evidence that the building was constructed in accordance with plans drawn by a competent architect, by a competent builder. There is no evidence of any negligence upon the part of appellant in the selection of the architect or builder, nor is the construction of a building of this type so inherently dangerous as to warrant the conclusion that it is a public nuisance. Apart from any question of contributory negligence on the part of plaintiff we cannot see how the defendant violated any duty owing by it to plaintiff. The testimony is somewhat conflicting as to whether other persons had bumped into the glass window before the plaintiff met with this accident, and whether the defendant knew of this fact. If we assume, as we must, in favor of the judgment, that other persons had bumped into the glass panel prior to the accident, we think such fact could have no material bearing on the question of defendant's negligence. There is no evidence as to under what circumstances such persons bumped into the window, if they did, therefore such evidence has no material bearing on the question of defendant's negligence.

· Of the decisions in Texas dealing with a fact situation as we have here, the case of A. C. Burton Co. v. Stasny, Tex.Civ.App., 223 S.W.2d 310 (error refused) is most nearly in point. In that case it is alleged that defendant was negligent to maintain a show window that had all the appearance of an open door so as to lead persons approaching it to think it was an open door, that the window was completely transparent and highly polished, and not visible to a

person approaching it from the inside. The jury found defendant negligent in not maintaining a guard rail, and in failing to place markings on the window, and found that the plaintiff was walking with his head down and was not guilty of negligence. The plaintiff in that case was a business invitee who saw the window when he entered the premises. It was held that there was no violation of any duty shown as a glass window was not a hidden danger, but was a normal or ordinary risk which the plaintiff as an invitee assumed. In this case it is apparent that appellee, from his previous transactions with appellant and on the occasion in question, knew the location of the glass doors and panels constituting the front of appellant's place of business. They were open and obvious, and readily discernible to anyone, and not concealed in any manner. There was no evidence that at the time of the accident they were not perceptible. The evidence goes no further than to show that appellee did not see the panels. In Clardy v. Hudspeth, 89 Ark. 189, 115 S. W. 1134, 21 L.R.A.,N.S., 702, the plaintiff sued the defendant for breaking a plate glass window in his building. The defendant denied negligence on the ground that the building had a plate glass front, including glass doors, which though discernible from the outside were puzzling to an ordinary person not well acquainted with the premises; that he had been in the building only once before, and when he started out toward what he thought was a door his knee struck the glass window and broke the glass. The court said:

"Appellant does not deny that he knew that the post office had a plate glass front, including glass doors. He states 'that the doors from the sidewalk are easily distinguished from the other portion of the front view, but after entering the building the interior shape, with the glass front, is somewhat puzzling to the ordinary person, especially to him at the time, as the light from the west was reflected in his face.' It is evident that he knew that the building had a plate glass front, including glass doors, at the time he entered the build-

ing. The fact that he could not see the glass after entering the building did not deprive him of the knowledge that it was there, but should have warned him that it was necessary for him to ascertain where it was before making his exit, in order to avoid accidents. He was manifestly guilty of negligence in breaking the glass."

Certainly, in the case at bar, the plaintiff knew that the glass doors and the glass windows were there. As said in the Arkansas case, the fact that he could not see the glass after entering the building did not deprive him of the knowledge that it was there. He should have ascertained where it was before blindly attempting to make his exit.

The case of Houston Nat. Bank v. Adair, 146 Tex. 387, 207 S.W.2d 374, lays down the rule which we think is applicable in this case, that is, that as a business invitee the laundry owed Mr. Ford the duty to protect him against conditions in the premises which would involve an unreasonable risk to his safety, the danger of which would not be open and obvious to a person exercising ordinary care. No such risk was here involved, and in our opinion the appellant was guilty of no breach of any duty owed to Mr. Ford, and is not liable in damages for the injuries he suffered.

It follows, therefore, that appellant's request for an instructed verdict should have been granted. We order that the judgment of the trial court be reversed and judgment here rendered that appellee take nothing.

On Appellee's Motion for Rehearing

In his motion for rehearing appellee states that the statement in our original opinion referring to the glass doors and the panels in question that

"they were open and obvious, and readily discernible to anyone, and not concealed in any manner"

is in direct conflict with the evidence in the case.

Attached hereto is a photographic representation of the door and glass panels in question. We think that this photograph supports our statement that the doors and panels were open and obvious and readily discernible to anyone, and not concealed in any manner. We think the statement in our original opinion of which appellee complains is not only warranted, but compelled by the evidence.

Appellee's motion for rehearing is overruled.