**W. S. STEPHENSON, Appellant,**

v.

**Keith CAMP et al., Appellees.**

**No. 5257.**

Court of Civil Appeals of Texas.

El Paso.

March 5, 1958.

Rehearing Denied March 26, 1958.

John J. Watts, W. R. Barnes, Odessa, for appellant.

McDonald & Shafer, Odessa, for appellees.

FRASER, Justice.

Appellant, W. S. Stephenson, originally filed his action for damages in the District Court of Reeves County, Texas, against Keith Camp, Sam Prewitt and Dr. Jim Camp, d/b/a Leader Grocery, a partnership, appellees, under Cause No. 5264; such Cause No. 5264 proceeded to trial and, after the presentation of the greater portion of appellant's cause of action, appellant took a nonsuit and refiled such cause of action in the District Court of Reeves County, Texas, under Civil Action 5447; after the filing of such cause, appellees filed their original answer, and then filed their motion for summary judgment based upon the testimony of appellant as given in open court in the trial of Civil Action No. 5264, and, on the 22nd day of December, 1956, said District Court of Reeves County, Texas, rendered summary judgment in behalf of appellees, and entered its judgment that appellant, W. S. Stephenson, take nothing from defendants.

Appellant had gone into a store operated by defendants in order to purchase some meat. While there, he stepped into the refrigerated vault operated by defendants to look at a quarter of beef. Upon leaving the vault (by the same entrance), appellant stepped on a small ramp leading from the vault down to the floor of the meat market and slipped and fell. The ramp was apparently about eighteen inches long, and went up into the vault at about a thirty-degree incline. Appellant's suit is for injuries sustained as a result of this fall.

This being an appeal from a summary judgment, we have carefully examined the evidence and viewed the same in the light most favorable to the plaintiff. Although the rules hold that the trial judge is obligated only to consider the record before him at the time he renders judgment, which, in this case, consisted of plaintiff's petition, defendants' answer, defendants' verified motion for summary judgment, and plaintiff's unveri-

fied reply thereto, Oaxaca v. Lowman, Tex.Civ.App., 297 S.W.2d 729 (n. r. e.), we have, nevertheless, examined the entire record in the previous trial in which plaintiff took a nonsuit.

■ The plaintiff had testified, both on direct and cross-examination in the first trial, that he had seen the ramp and stepped over it when he went into the vault, and that he was in the vault only about two minutes. On direct examination, he said:

"Q. I think you said you had never seen that ramp before? A. I had just stepped over it a few minutes before going in; sure, I seen it."

Then, on cross-examination, he testified as follows:

"Q. Well to begin with, you didn't look at that ramp when you sent in, did you? A. I certainly did; and stepped over it.

"Q. You did look at it? A. I certainly did and just stepped over it.

"Q. And you could see the ramp there when you stepped over it, couldn't you? A. Yes sir."

These statements, we believe, preclude the plaintiff from recovering on the basis of the authorities hereinafter considered. They amounted to judicial admissions which were admissible at any subsequent trial, and by which plaintiff was bound.

■ It seems inescapable to us that plaintiff established the fact, by his own testimony, that the condition of the ramp was as easily perceptible to him as it was to the defendants or their employees. He argues that the presence of sawdust on the ramp may have caused him to slip; but, even if that were so, the ramp and its condition were open and obvious to plaintiff by his own admission. This being true, such fact also releases the defend-

ants from any duty to warn him of the existence of the ramp or its condition. It has been well settled that the owner of the premises is not liable for conditions that are open, obvious and known to the invitee. Here, plaintiff admitted that he had just stepped over this ramp some two minutes before his fall, and that he had seen it. We therefore must find, perforce, that the trial judge would have had, in any event, to instruct a verdict in favor of the defendants on the basis of these facts, had the case gone to trial. We realize that a summary judgment is an abrupt and decisive disposition of plaintiff's claim, and have, therefore, been extremely careful in examining the evidence in this case. But, on the authorities heretofore established in the State of Texas, we must find and hold that the trial judge was correct in granting defendants' motion for summary judgment.

The following cases illustrate the rule that, where the condition is open and obvious, and the invitee knew, or should have known, of the condition, he cannot recover. Here, it is only too evident that, not only was the condition open and obvious, but the plaintiff actually saw the ramp and stepped over it. There was no evidence that the condition of the ramp changed during the two minutes that plaintiff was in the vault, or that anyone had used the ramp during that interval. For these reasons, it is evident that plaintiff was not able to raise a fact issue to go to the jury on the question of defendant's negligence. Acme Laundry Co. v. Ford, Tex.Civ.App., 284 S.W.2d 745 (n. r. e.); Houston National Bank v. Adair, 146 Tex. 387, 207 S.W.2d 374; McKee v. Patterson, 153 Tex. 517, 271 S.W.2d 391; Marshall v. San Jacinto Building, Inc., Tex.Civ. App., 67 S.W.2d 372 (wr. ref.).

Appellant's points are, therefore, accordingly overruled, and the decision of the trial court affirmed.