PEARSON, Judge
(dissenting).
This appeal is from a summary final judgment in an action for negligence. The trial judge determined from the complaint, answer, plaintiff’s answers to interrogatories propounded by defendants, and the discovery deposition of the plaintiff taken by the defendants, that there was no material issue of fact and that the defendants were entitled to a judgment as a matter of law. It is my view that it does not affirmatively appear from the record that negligence could not have been found by a jury of reasonable men. Therefore, the summary judgment should be reversed.
The complaint alleges that the plaintiff was a guest in the defendant’s hotel and that the defendants in violation of their duty to provide reasonably safe premises maintained a colorless and invisible glass wall or panel in a dimly lighted area, so that the plaintiff in attempting to pass through a passage way from the cocktail bar into the dining room, walked into the glass and was severely cut. The route through the cocktail bar to the dining room is the only route provided for passage from the lobby of the hotel to the dining room. There is no suggestion that the plaintiff was drinking since he was using the cocktail bar only as a route to the dining room. The archway or portal, between the bar and the dining room, was constructed so that there were two glass swinging doors in the center, and on either side of which there was a stationary glass divider about the same width as each door. About four feet in front of the two doors were two standards and covered rope connecting them; the width of the standards and rope was approximately the same as the two swinging doors. Although the dining room was also dimly lighted, the plaintiff could see a person or persons in the dining room. He took one of these persons to be a headwaiter and wished to make reservations for a dinner party.
The appellee urges that there can be no liability in this type of case because it is the plaintiff’s duty to see that which would be obvious to him under the ordinary use of his senses and to exercise a reasonable degree of care for his own safety. Becksted v. Riverside Bank of Miami, Fla. 1956, 85 So.2d 130 and cases cited therein. The determining point, then, is whether the glass panels were perceptible. See Acme Laundry Company v. Ford, Tex.Civ.App., 284 S.W.2d 745. This point appears to be a disputed issue of fact in the instant case. On this point the sole matter before the court at the time of the entry of the summary judgment was the deposition of the plaintiff. A careful reading of the deposition fails to disclose that the glass paneling was so obvious to ordinary glance or in such a reasonably to be expected place that the plaintiff must be negligent as a matter of law if he did not see it.
The appellee further urges that this case is governed by Pettigrew v. Nite-Cap, Inc., Fla.1953, 63 So.2d 492, 493, as the cases are factually very similar. Mrs. Pettigrew alleged that “the lighting inside the premises and the clear colorless glass door, void of markings or handles or other visible objects thereon, rendered the door invisible to such an extent that she did not see it.” Our Supreme Court sustained a directed verdict entered for the defendant at the close of the plaintiff’s case upon the ground that the evidence clearly showed that, "the handle, knobs and metal strip on the door were plainly visible and the door was located at the place *849 a door would naturally be expected.” In the instant case we do not know what the evidence will show because the case has not been tried. Comparing the evidence in the Pettigrew case with the deposition of the plaintiff in the instant case, we do not have a door but a glass panel in a passageway, and the deposition sheds very little light upon the possible fittings on the two central doors. I do not find that the plaintiff should have been precluded at this stage in the proceedings. The summary judgment should be reversed upon the authority of National Airlines v. Florida Equipment Co., Fla.1954, 71 So.2d 741; Farrey v. Bettendorf, Fla.1957, 96 So.2d 889; Patty v. Food Fair Stores of Florida, Inc., Fla. App., 101 So.2d 881.