DREW, E. HARRIS, Associate Judge.
The appellee Herzberg has obtained a jury verdict against the appellant corporation in an action for damages for personal injuries received by her when she walked into one of a series of sliding glass panels screening a serving bar at the rear of appellant’s beach hotel, where appel-lee was a guest.
The sole issue argued on appeal is that of contributory negligence, upon which ground appellant based its motion for directed verdict at the close of plaintiff’s case, subsequently renewed when all evidence was in. The facts as they relate to this issue are substantially as follows:
At the end of a two-weeks’ sojourn at appellant’s hotel, the appellee, approximately sixty years of age, went with a companion for afternoon refreshments at the hotel coffee bar which was adjacent to the beach and recreation area where appellee spent considerable time during her stay. The south and east walls of the snack shop were composed of sliding glass panels approximately three and one-half feet in width and nine feet high, encased in aluminum strips or edgings of about one and one-half inches. Photographic exhibits show no handles or markings of any kind on the center panels crossing the aisle where the accident occurred, the side panel having only a small catch on the aluminum edging to facilitate its operation. The panels were designed so that all could be slid to the side along their floor tracks in order to open both sides entirely to the patio area. The testimony was that they were freely moved about to serve as wind shields or, conversely, provide ventilation for the interior. Stationary supporting columns centered on each side were, of course, visible whether or not the panels were in place.
Upon the occasion in question appellant-approached the shop from the south along a walkway leading into the south side of the snack shop. She and her companion followed the outside walkway around the corner, entered through the open east side, *684 were duly served, and departed by the same path. Appellee then- returned to retrieve a camera she had left, but followed the more direct route from the south, walking into the closed glass panel. She had, of ■course, observed the shop from the patio •during her visit, and had been served at the snack bar upon at least one occasion, •on the evening of her arrival. She testified that she was not on this occasion or at any previous time aware of the glass panels which could form an enclosure for the snack shop, and there was other testimony that the glass was not readily discernible.
The appellant urges that appellee should have been foreclosed from recovery in this case under the principle that “requires a person to see what there is to be seen by the ordinary use of his senses, and if it is there to be seen, it is deemed, in law, to have been seen,” [1] and an earlier case applying this rule to an accident involving a glass door.[2]
In disposing of this argument, the trial court in the instant case made a distinction even more significant than the absence or particular character of handles or markings on a transparent glass expanse:
“I think there is a substantial question of fact for the jury to pass on. I distinguish between the cases you were citing and the case we are trying. I am familiar with one or two of the cases you cited dealing with fixed installations. This thing here is not a fixed installation, and the testimony here shows that at least in theory that these glass panels were put in there so that they might close off this place during the hours that it was closed from operation, especially when the dining room was open, and at least in theory when this place is in operation they fold it back out of the way leaving an open air place for the guests of that hotel to go into.
“On the occasion of this accident as well as on other occasions, some employee or servant of the hotel would pull that glass panel out, not for the purpose of permitting ingress or egress into there, but for the purpose of blocking off wind off one of the employees sitting there discharging their duties, and according to which way the wind was blowing or the sun was setting would be which one they would close.
“Therefore, as distinguished from a fixed installation such as a door in the normal usage when a person is charged with expecting them when they go into a building, here is something they are going to use for something other than normal, ordinary purposes. You can deduct from this evidence there should be some sort of a warning on it, certainly if there are glass doors where those wood doors are, and you would walk through that door and not see it and hurt yourself. That would present one factual situation, whereas if those doors were open and then halfway out in the lobby someone would erect up a sheet of glass for the purpose of keeping the wind from blowing here in the courtroom across there, and that glass is put out there for that purpose, then I say someone could be charged with the responsibility of warning people who go out there so they wouldn’t walk into it.
“Therefore, I say that this is a substantial question of fact both as to liability and as to whether there is or is not contributory negligence, and I think it is a factual question and not a question of law.” [3]
This reasoning of the able trial judge correctly distinguishes this case from de *685 cisions relied on by appellant-[4] and, together with the general rule with respect to jury determination of disputes in testimony as to whether a situation is such as to alert an ordinary observer of a hazard resulting from another’s conceded negligence, requires that the judgment in this cause be affirmed. Where the question is whether a plaintiff could or should have observed the hazard, as opposed to the question of whether he must realize the significance of and keep in mind that which he admittedly sees or knows,[5] the cases will turn upon their peculiar facts and there will rarely be a controlling precedent.
Judgment affirmed.
HORTON, Acting Chief Judge, and PEARSON, J., concur.

. Kagan v. Eisenstadt, Fla.App., 98 So.2d 370, 371.

. Pettigrew v. Nite-Cap, Inc., Fla., 63 So. 2d 492.

.Accord: Shannon v. Broadway & 41st. Street Corp., 298 N.Y. 589, 81 N.E.2d 324; Grabel v. Handro Co., City Gt., 161 N.Y.S.2d 998.

. Pettigrew v. Nite-Oap, Inc., note 2, supra; Stone v. Hotel Seville, Fla.App., 104 So.2d 847.

. Cf. Olardy v. Hudspeth, 89 Ark. 189, 115 S.W. 1134, 21 L.R.A.,N.S., 702; A. C. Burton Co., Inc., v. Stasny, Tex.Civ. App., 223 S.W.2d 310.