**Effie DODD et vir, Appellants,**

v.

**TRANS–TEXAS THEATRES, INC.,**
**Appellee.**

**No. 17170.**

Court of Civil Appeals of Texas,
Fort Worth.

Jan. 29, 1971.

Rehearing Denied March 5, 1971.

Tom Brookman, Fort Worth, for appellants.

Crumley, Murphy & Shrull, and Albert White, Fort Worth, for appellee.

OPINION

LANGDON, Justice.

This appeal is from a summary judgment granted on the motion of the defendant in a suit filed against it by the plaintiff, Effie Dodd, joined by her husband, H. C. Dodd, for damages resulting from personal injuries sustained by her when she fell in the restroom of the Hollywood Theatre in Fort Worth, Texas.

Mrs. Effie Dodd, 76 years of age, attended the Hollywood Theatre on June 13, 1969. When the movie was over she went to the restroom area on the mezzanine floor of the theatre and entered. Inside the area a powder room is on the left and a door from it enters into the toilet area to the right. To enter the latter area Mrs. Dodd opened the door and stepped up into the toilet area. It is necessary to step up because the levels of the two areas are different. One step divides the two levels. Mrs. Dodd remembered stepping up to go into the toilet area and she remembered stepping down to go out that door. Only one door led from the powder room to the

toilet area and it was the only door leading from the toilet area. Mrs. Dodd therefore used the same door and step to leave the toilet area as she had used on her way into it. She did not fall on her way through the door and up the step into the toilet area. She remained in the toilet area less than ten minutes and on her way out of the toilet area, through the door and down the step, she fell. At this point she thought she was on "level ground." She fell. She was standing on the only step there when she fell. She knew there was a step-up. She used it going up. The powder room was carpeted. The toilet area was tiled. The step was marble. When she stepped down the step she knew she was not in the powder room because it was not carpeted. The lights in the area were on. No complaint is made as to the sufficiency of the lights. There was no foreign matter on the floors in question or on Mrs. Dodd's shoes. Mrs. Dodd was able to see everything in the area including the step.

The appellants contend that the court erred in granting the motion for summary judgment because: (1) Defendant's affidavit was insufficient to support it; (2) Plaintiffs' opposing affidavits raised issues of fact as to liability of defendant, as to (3) whether defects in the stairway were open and obvious and (4) whether the plaintiff knew and appreciated the danger involved.

We affirm.

In appellants' brief it is stated that, "We would agree with the Appellee in this case in that if we could not show the stairway to be defective we would not be entitled to a judgment." This has reference to affidavits that the stairway or step in question is at variance with the Building Code as well as with good architectural design and practice. The Building Code in question was adopted on July 10, 1959, effective October 1, 1959. There is no evidence in this record showing that the Hollywood Theatre was built after the effective date of the Building Code.

Any defect in the step and the area in question where and when Mrs. Dodd fell was open and obvious to her. There were no latent or hidden defects known only to the defendant and its employees. Defendant's manager, other agents or employees of the defendant would have been unable to describe the door area between the powder room and the toilet area and the possibility of a fall with any more detail than was visible to Mrs. Dodd. Regardless of the architectural design of the area Mrs. Dodd knew or should have known of the condition of the area in question and appreciated or should have appreciated the danger of falling.

This, in our opinion, is a "no duty" case since the appellant was fully aware of the precise condition of which she complains. Wesson v. Gillespie, 382 S.W.2d 921 (Tex., 1964); R. McKee v. Patterson, 153 Tex. 517, 271 S.W.2d 391 (1954); Hausman Packing Co. v. Badwey, 147 S.W.2d 856 (San Antonio Tex.Civ.App., 1941, writ ref.); Stephenson v. Camp, 311 S.W.2d 512 (El Paso Tex.Civ.App., 1958, ref., n. r. e.); Thibodeaux v. H. B. Zachry Company, 368 S. W.2d 776 (San Antonio Tex.Civ.App., 1963, ref., n. r. e.); Halepeska v. Callihan Interests, Inc., 371 S.W.2d 368 (Tex., 1963); Marshall v. San Jacinto Bldg., 67 S.W.2d 372 (Beaumont Tex.Civ.App., 1933, writ ref.); Seideneck v. Cal Bayreuther Associates, 443 S.W.2d 75 (Eastland Tex. Civ.App., 1969, affirmed at 451 S.W.2d 752, Tex.); A. C. Burton Co. v. Stasny, 223 S.W.2d 310 (Galveston Tex.Civ.App., 1949, writ ref.); Houston Nat. Bank v. Adair, 146 Tex. 387, 207 S.W.2d 374 (1948).

The case of Marshall v. San Jacinto Bldg., supra, involves an area of different levels. Stephenson v. Camp, supra, involves a fact situation similar to the one here.

All points of error are overruled and the judgment is affirmed.

Affirmed.

MASSEY, C. J., not participating.