Lonnie E. POPE, Plaintiff-Appellant,

v.

HOLIDAY INNS, INC., etc., et al., Defendants-Appellees.

No. 71-2822.

United States Court of Appeals, Fifth Circuit.

Aug. 8, 1972.

Rehearing Denied Aug. 24, 1972.

Wayne B. Barfield, Amarillo, Tex., Merchant & Barfield, Amarillo, Tex., for plaintiff-appellant.

O. P. Fields, Jr., Amarillo, Tex., Stokes, Carnahan & Fields, Amarillo, Tex., for defendants-appellees.

Before GOLDBERG, DYER and SIMPSON, Circuit Judges.

GOLDBERG, Circuit Judge:

This diversity case, which arose out of a slip and fall on an icy motel parking lot, presents one of those rare occasions when we are favored with a recent dispositive case that gives us guidance that the trial court did not enjoy. After a jury returned a verdict for the plaintiff-appellant, the learned trial judge interpreted Texas law as establishing evidentiary standards that appellant had not met and accordingly granted appellees' motion for judgment notwithstanding the verdict. Texas law in this area of negligence often provides a treacherous path, but a recent decision of the Texas Supreme Court gives us firmer footing on which to proceed and requires that we reverse and render for appellant. We note in passing that although we expect much of our trial judges, judicial clairvoyance is not in our expectation chest.

Appellant, Lonnie E. Pope, brought this suit in the United States District Court for the Northern District of Texas against appellee, Holiday Inns, Inc., to recover damages for personal injuries sustained when he slipped and fell on premises owned and operated by appellee in Amarillo, Texas. The facts are not seriously disputed. Appellant, his wife, and some friends had traveled from Clovis, New Mexico to Amarillo on a shopping trip. Appellant brought with him his pet dog, a small poodle. The party registered at the Holiday Inn West in Amarillo on the evening of January 1, 1970. They were assigned adjacent rooms in the "east wing," a separate unit of the Inn that typically had a lower rate of occupancy than the main unit. It had snowed in Amarillo on December 30. The public roads were cleared, but at least an inch and one-half of snow remained on the ground with some minor drifting of greater depths. The walkways at the Inn had been cleared of all but a few patches of ice, but the parking lots had not been cleared at all.

The Pope party parked their cars in a lot to the west of and immediately outside their rooms. After they unloaded their luggage the entire party except for

one of appellant's friends went to dinner elsewhere. They returned directly to the Inn. Later that evening appellant accompanied the friend who had remained behind on. a short excursion to obtain a snack. They returned shortly after 10:00 p. m. On each of these occasions appellant utilized the parking areas west of his room to get to and from his car. He testified that the west area's surface was icy, slippery, uneven from use, and packed down. He does not deny that he realized the west lot was hazardous. In fact, appellant testified that he had experienced difficulty maintaining his footing when using that lot and that he had realized the need to exercise caution when walking to and from his car.

The Inn welcomed guests with house pets, and appellant clearly had the Inn's permission to have his dog with him while staying at the motel. Some time after 11:00 p. m. on the night of his arrival appellant decided to take his dog for a walk before retiring. Appellant walked toward the same door that he had used before, which led to the west lot where his car was parked. In the corridor, however, he noticed a door that led to a second parking area to the south of his room. Earlier that evening he had noticed that this second parking area was covered with a plain sheet of undisturbed snow. Pope testified that he decided to walk his dog on the .south area because he felt that it would be safer to walk there than on the icy and uneven west lot. When he opened the door to the south lot, which he had not previously used, appellant saw that the ground immediately outside the door was icy, lumpy, and uneven. But after he had safely negotiated this area and had reached the undisturbed snow covering the parking lot, appellant allegedly felt that he had a firm footing. After taking a few steps, however, he slipped and fell to the ground, suffering serious injury. The Inn had not removed the snowfall from the area, and appellant testified that while regaining his feet he felt a layer of ice underneath the snow.

The jury believed that Pope was unaware of the condition that caused his injury—the layer of ice hidden beneath the snow. Of course, appellant's claims, even though accepted by a jury, must fail if the hazard was so "open and obvious" that he is charged with knowledge as a matter of law. The Texas cases make clear that to defeat a claim the plaintiff must be chargeable with knowledge and appreciation, either actual or imposed by law because the hazard is "open and obvious," of the *precise* condition that caused his injury. *See, e. g.,* Dodd v. Trans-Texas Theatres, Inc., 464 S.W.2d 157, 158 (Tex.Civ.App. 1971). The district judge concluded that the jury had before it insufficient evidence to find that Pope did not know of the ice beneath the snow. Thus, the only point necessary for determination of this appeal is whether there was sufficient evidence to support the jury's finding that appellant did not have actual knowledge and appreciation of the condition that caused his fall.

Texas law in this area of negligence has gyrated from time to time. The Texas Supreme Court's lengthy opinion in Halepeska v. Callihan Interests, Inc., 371 S.W.2d 368 (Tex.1963), discusses the major doctrines and reveals the complexity of the relevant law. Indeed, the Texas Supreme Court recently pointed out that at least four broad areas of confusion exist. *See* Adam Dante Corp. v. Sharpe, 483 S.W.2d 452 (Tex. 1972). But a full exposition of the doctrines of Texas tort law regarding occupier duties and slips and falls is not warranted here, for these doctrinal perambulations, when measured against the latest judicial gyroscope, have stabilized as to the single issue now before us. It makes little difference whether this case is viewed as involving the separate doctrines of "no duty," volenti non fit injuria, or contributory negligence, as those doctrines are explained in Halepeska v. Callihan Interests, Inc., *supra.* The applicability of the doctrines depends on factual determinations, and here all factual issues necessary to support a judg-

ment for appellant were resolved in his favor by the jury. The determinative issue is whether appellant lacked the knowledge and appreciation that would defeat his recovery.

■ The test to be applied to appellees' motion for judgment notwithstanding the verdict is whether reasonable minds could reach no other conclusion than that appellant did have knowledge and appreciation of the ice that was on the south parking area. *See* Boeing Co. v. Shipman, 5 Cir. 1969, 411 F.2d 365. The trial judge concluded that appellees had met this test, but Adams Dante Corp. v. Sharpe, *supra*, demonstrates that on the facts before us the issue of knowledge must remain with the jury. In Adams Dante Corp. v. Sharpe plaintiff suffered a summary judgment in the trial court after showing the following: that she was an invitee properly on the premises of a land occupier, the operator of a health spa; that the occupier thus owed her a duty of care; that she had previously used spa facilities and had noticed a slippery foam on the floor; that she had observed a "slippery when wet" sign; that she nevertheless walked across the area with her feet wet from swimming; and that she slipped, fell, and was injured. In reversing the summary judgment for defendant the Supreme Court of Texas held:

"In our opinion reasonable minds could differ about the conclusions to be drawn from the facts. Mrs. Sharpe knew about the presence of some water and moisture and she appreciated that condition. A fact finder could conclude, however, that something more was present on the floor besides water. She said the danger was not the water but the slippery condition. She gave a plausible basis for that condition by her testimony of the foamy and slippery whirlpool water which overflowed in the area where she fell. She may have known of some danger, but she may not have known and fully appreciated the nature and extent of the hidden danger of the foam which may or may not have been properly wiped from the tile floor. Reasonable minds could conclude that there was a slippery film on the floor around the whirlpool about which she did not know and which she did not fully appreciate. We cannot say that the proof showed as a matter of law that she knew and appreciated the particular risk."

483 S.W.2d at 455.

■ In the instant case, appellant produced the following evidence that would reasonably support a jury's finding that he was not aware of the ice sheet: that he was an invitee properly on the premises of a land occupier, the operator of a motel; that the occupier thus owed him a duty of care; that he had previously used some facilities, on the ground of which he had noticed slippery ice; that when he saw the ice he recognized the danger; that he walked across a different, snow-covered area; and that in so doing he slipped, fell, and was injured.

This walking the dog/slip and fall case demonstrates that juries are not obsolete appendages of our judicial system nor vestigial organs that may be excised without plenteous compulsion. We recognize that there are procedural differences between summary judgments and judgments notwithstanding the verdict, but we fail to see any substantive difference between water that conceals slippery foam and snow that conceals slippery ice. If the plaintiff in Adams Dante Corp. v. Sharpe was not barred as a matter of law from recovering for a fall on water that may have had slippery foam in it, appellant here cannot be barred as a matter of law from recovering for a fall on snow that may have had slippery ice under it. We conclude that appellant's knowledge of open ice on the west parking area does not as a matter of law preclude a jury finding of reasonable ignorance of the existence of ice under a blanket of snow on the south parking area. Adams Dante Corp. v. Sharpe indicates that the Texas Su-

preme Court would allow the jury's verdict to stand, and Boeing Co. v. Shipman, *supra*, would not say nay, so stand it must.

Reversed and rendered.