C. W. CRAWFORD, Individually and as Next Friend of David Crawford,
Appellant,

v.

GIVEN BROTHERS, a Co-partnership,
Appellee.

No. 5266.

Court of Civil Appeals of Texas.

El Paso.

Oct. 22, 1958.

Rehearing Denied Nov. 26, 1958.

Andress, Lipscomb, Peticolas & Fisk, El Paso, for appellant.

Edwards, Belk, Hunter & Kerr, El Paso, for appellee.

HAMILTON, Chief Justice.

This action was brought by appellant, C. W. Crawford, individually and as next friend of his son, David Crawford, a minor seven years of age, for damages sustained as the result of his having run through a glass panel in the front of a store operated by appellee, Given Brothers, a co-partnership. The jury found that appellee was negligent in not so marking the glass panel as to give notice to a child of the age of David Crawford. The jury found that such negligence was the proximate cause of David Crawford's injuries, and assessed the damage at $1,500. The trial court rendered judgment non obstante veredicto on motion of appellee, from which judgment the appellant, plaintiff below, has perfected his appeal to this court.

In appellant's points of error, he complains that the trial court committed error in granting defendant's motion for judgment non obstante veredicto, and in disregarding answers of the jury finding negligence on the part of appellee, and proximate cause. The facts in the case are practically undisputed. The mother of David Crawford took him into the Given Brothers store, located in the Loretto shopping center in El Paso, to buy him some cowboy boots. After the boots were fitted and purchased and they started to leave the store, the child ran past his mother toward the glass door, which had a clear glass panel, a little more than half the width of the door, at its side. Instead of the child going through the door, which was closed, he ran through the panel exclaiming as he did that he thought the door was open. There was no sign, inscription or printing on the glass panel, and nothing in front of it. Defendant introduced some fifteen exhibits, being photographs of glass fronts and glass doors in various businesses in the City of El Paso, showing that the door and glass panel on defendant's store were of similar construction and design in general use in the City of El Paso. In answer to a question the jury found that it was not negligence for defendant to maintain a door and glass panel of this type.

The question for us to determine is whether or not appellee owed the child, David Crawford, any duty to give him any special warning that the glass panel was there by the side of the door. We think not. It appears to us from the evidence submitted and from common knowledge, that store fronts of solid, clear glass panelling are commonly accepted as sound and safe building construction, and is not considered a type of construction that is dangerous in itself. Thousands of people—men, women and children—go in and out of stores with solid glass fronts from day to day without incident. We hold that the front of the store maintained by Given Brothers was of a type in general use and of a design commonly accepted as architecturally sound and safe, and, consequently, no duty was owed the child to give it any special type of warning. Therefore, the court was correct in entering judgment non obstante veredicto for appellee. Acme Laundry Co. v. Ford, Tex.Civ.App., 284 S.W.2d 745; McElhenny v. Thielepape, Tex., 285 S.W.2d 940.

All of appellant's points being overruled, judgment of the trial court is affirmed.