**FISHER CONSTRUCTION COMPANY et al., Appellants,**

v.

**Robert E. RIGGS, Appellee.**

No. 13334.

Court of Civil Appeals of Texas.

Houston.

Aug. 27, 1959.

Dyess, Dyess & Prewett and Arthur D. Dyess, Jr., Houston, for appellant B. B. Bettell & Son, Inc.

McGregor, Sewell & Junell and William L. Bowers, Jr., Houston, for appellant Fisher Const. Co.

Stanley F. Swenson and Carey Williams, Houston, for appellee.

WERLEIN, Justice.

Robert E. Riggs brought this suit against Fisher Construction Company and B. B. Bettell and Son, Inc., to recover for personal injuries sustained by him on August 15, 1955, when he hopped or jumped through a plate-glass window in an unfinished store space, a part of Palm Shopping Center in the City of Houston, then in the process of construction. Reference is made to our former opinion which is published in 320 S.W.2d at page 200, 208 wherein the facts of the case are set out at considerable length.

Appellants' 3rd to 7th Points, inclusive, were briefed together, and asserted that the Trial Court erred in overruling their motion for an instructed verdict, among other grounds, because the findings and answers of the jury to Special Issues Nos. 1, 3 and 11 were not supported by any evidence and the findings and answers to Special Issues Nos. 2, 4, 5, 7 and 9 were contrary to the overwhelming weight and preponderance of the evidence. In discussing such Points together, as they were so briefed, this Court stated:

"We cannot agree with appellant that appellee was guilty of contributory negligence as a matter of law and that the findings of the jury are not supported by any evidence or that they are against the great weight and preponderance of the evidence. The fundamental principle of appellate review is that the record must be viewed in the light most favorably in support of the judgment of the trial court and the jury verdict. * * * This Court, in considering the sufficiency of the evidence, must disregard all evidence adverse to the findings of the jury and consider only the evidence favorable to such findings, indulging every legitimate conclusion which tends to uphold the same."

On application for writ of error, the Supreme Court in its opinion published in 325 S.W.2d 126, reversed and remanded the cause for further consideration by this Court on the ground that the rule hereinabove announced by this Court in its opinion is applicable only when the question is one of no evidence, and is not applicable in determining whether the answers of the jury are contrary to the overwhelming weight and preponderance of the evidence.

This Court had actually considered all of the evidence, including that which is contrary to the verdict, thereby applying the correct rule, but erroneously stated a rule applicable only when there is no evidence.

We have carefully reviewed all the evidence, both favorable to the verdict and that militating against it, and have concluded that the jury's findings are not contrary to the overwhelming weight and preponderance of the evidence. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660; Tudor v. Tudor, Tex.Sup., 314 S.W.2d 793.

Judgment affirmed on remand.