Brandt RAEBURN, a Minor, by Next Friend, Mrs. Joyce Raeburn, a Feme Sole, et al., Appellants,

v.

CITY OF HOUSTON, Appellee,

No. 3838.

Court of Civil Appeals of Texas.

Waco.

May 4, 1961.

Rehearing Denied June 1, 1961.

Thornton & Hosey, Galveston, Burch Downman, Houston, for appellants.

Richard Burks, John Gano, Houston, for appellee.

TIREY, Justice.

This is a negligence case. At the conclusion of plaintiffs' evidence the city moved for an instructed verdict and this motion was carried along with the case and at the conclusion of all the evidence the city renewed its motion for an instructed verdict and the Court granted such motion and instructed the jury to return a verdict for the defendant, which the jury did, and the Court decreed accordingly. Plaintiffs seasonably filed their motion for a new trial and it being overruled perfected their appeal to the Houston Court and the cause is here on transfer. The judgment is assailed on one point; it is substantially to the effect that the Court erred in directing a verdict and entering judgment against plaintiffs, because the evidence tendered one or more issues of negligence and proximate cause on the part of the city, and that such issues should have been submitted to the jury.

A statement is necessary. Plaintiffs went to trial on their original petition. Pertinent to this discussion they specifically alleged that the following acts of negligence proximately caused or contributed to cause the injuries and damages to plaintiffs:

"a. In building, or allowing to be built, a building with normal window-pane variety glass, and not shatter-proof glass;

"b. In failing to warn Brandt Racburn of the fact that there was no open doorway facing him, but instead was a glass window, or wall;

"c. In failing to have aluminum, wood, or other guards placed around the windows and/or glass walls which would warn a person of ordinary prudence of the existance of windows and/or glass walls;

"d. In failing to supply Plaintiff, and others in like category, a safe place in which to play;

"e. In allowing Plaintiff, and other youths of his age, or thereabouts, to play in an area which was reasonably unsafe for such people and for such purposes;

"f. In failing to use ordinary care for the safety of Plaintiff and others;

"g. In holding out to the public at large, including Plaintiffs and small children, that the building and the glass walls, and/or windows, were reasonably safe to play in when they knew, or by the use of reasonable diligence should have known, that the same was an unsafe place for play and/or recreation."

The city went to trial on its original answer in which it plead a general denial, and in addition thereto specifically plead that the plaintiff, Brandt Raeburn, was guilty of negligence in many particulars, and that his acts of omission taken either individually or collectively were a proximate cause of the injuries and damages sustained by the plaintiffs.

Testimony was tendered to the effect that the building where the child, (a boy eight years old) received his injuries is used as a public recreation center in Meadowcreek Village Park; that the building fronts on

Berry Creek Road, and the entrance-way, containing the front door, and two windows face to one side at the front of the building, and that the door opens on a concrete porch; that the building is of modern design and construction; that the window into which the child ran was of clear glass enclosed in a metal sill and encasement which was generally four to six inches wide, and that it encased the window glass on all sides; that the window sill, the metal encasement and the glass window and the door adjacent to the window were all open and obvious and could be easily seen by anyone who looked at them; that the window pane itself was tall and narrow, as were generally all the windows in the building; that there is an absence of testimony as to what type of glass was used in the windows; that the windows adjacent to the front door are used to provide light to the entrance-way to enable persons either inside or outside to see persons approaching the door from the opposite direction; that each of the witnesses who testified concerning the building said that prior to the accident they had had no difficulty observing that the window in question contained glass; that this knowledge included plaintiffs, Mrs. Raeburn and her son, Brandt Raeburn, and Brandt testified that he had been to the recreation center on two or three prior occasions and had used the front door on several prior occasions, and had used the front door to the building three times prior on the day the accident happened, and that he had known prior to the accident that the window contained glass. He testified specifically:

"Q. Did you know that it had those glass panels on each side? A. I didn't know they were there.

"Q. Hadn't you seen them before? A. I saw them once. And then, I went home and came back in about two days. And I forgot they were there."

It was undisputed that a sign exhibited in the building prohibited running in the building. It is true that one or two of the children testified that they didn't remember seeing the sign; however, no witness denied its presence and existence at the time of the accident. Evidence was tendered to the effect that the sign had been installed October 1, 1959. The building was open a week prior to the accident. Testimony was also tendered to the effect that Brandt Raeburn had been told at least once that the rules of the center prohibited running in the building and had been stopped on at least one occasion prior to the accident when he was running in the building and had been admonished that he would be suspended from the park for a day if he did not obey the rules. That at the time of the accident Brandt was violating the rules of the center by running in the building, and that he was running as fast as he could go. He testified specifically:

"Q. When you ran into that glass, were you running full blast right ahead? A. Full blast.

"Q. Is that right? A. Yes, sir.

"Q. You were running as fast as you could to get away from this little boy? A. Yes, sir."

We think the foregoing undisputed factual situation brings this case within the rule announced in A. C. Burton Company, Inc., v. Stasny et al., Tex.Civ.App.1949, 223 S.W.2d 310, w.ref. In point 1 we find substantially the following statement of the rule: The right of recovery for injuries resulting from negligence is based upon the violation of a duty. That the inquiry in each case of alleged damages is, What was the legal duty of the defendant under the circumstances of the case? The question here arises: What was the legal duty of the city to the plaintiffs? The question under the factual situation here answers itself. First of all, the city had purchased a park and built a building for recreational purposes and made it available to the people in that vicinity for recreational purposes. The building was new, and was safe, and it

had doors for entrance and exit and this little child had been in the building, and although he was of tender age, he knew that he would have to go through the door to enter, and he would have to go through the door to leave the building. In this particular instance, it is undisputed that this small child was running at "full blast". In is also without dispute that he had been told not to run in the building, and that he must observe the rules of the building. Notwithstanding these undisputed facts, he was playing with another boy and ran in order to get out of his way, and in so doing ran into the glass window instead of going out the door. It is without dispute that there was nothing to prevent this child from leaving the building through the very door which he entered, had he elected to do so, but in haste, and without due care, he negligently ran into the glass window, and sustained the injuries here complained of. It is regrettable that accidents of this kind happen, but we see no failure on the part of the city to exercise reasonable care in the maintenance and operation of this recreational center. Nor do we find any breach of duty of any nature whatsoever on the part of the city to this child. Our Supreme Court gave a straight out refusal to the opinion of the Court of Civil Appeals in the Stasny case, supra, and has not seen fit to change the rule stated. See also Crawford v. Given Brothers, Tex.Civ.App., 318 S.W.2d 123, w.ref., n. r. e.; Acme Laundry Company v. Ford, Tex.Civ.App., 284 S.W.2d 745; City of Menard v. Coats, Tex.Civ.App., 60 S.W.2d 831; City of Tyler v. Ingram, 139 Tex. 600, 164 S.W.2d 516; Dukek v. Farwell Ozmun Kirk & Co., 248 Minn. 374, 80 N.W.2d 53; Houston National Bank v. Adair, 146 Tex. 387, 207 S.W.2d 374; Humble Oil & Ref. Co. v. Martin, 148 Tex. 175, 222 S.W.2d 995; Ice Service Company v. Scruggs, Tex.Civ.App., 284 S.W.2d 185; Kagan v. Eisenstadt, Fla.App., 98 So.2d 370, and Maidman v. Metropolitan Trading Co., 166 Cal.App.2d 205, 322 P.2d 807. It is our view that it was the duty

of the trial court to grant the motion for instructed verdict, and being of that view, the judgment of the trial court is affirmed.