Lea Oles YOST, Appellant,

v.

TEXAS CHRISTIAN UNIVERSITY, Appellee.

No. 16367.

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 16, 1962.

with ice for 20 or 30 minutes, then told plaintiff to walk on it. She was informed the doctor would be at the infirmary the next afternoon, but the nurse (Mrs. Steers) did not think it was necessary for plaintiff to see him. Plaintiff did not ask the nurse to call a doctor. After she returned to the dormitory she was in so much pain she could not sleep. On Sunday a "dorm" mother phoned the nurse and was told plaintiff had a sprained ankle, that plaintiff should walk on it. She did not go to see the doctor at the infirmary at 5:00 P.M. (his regular hour at the infirmary) because she was asleep. Plaintiff did not go to classes on Monday because of the pain, nor did she call a doctor. She went to a class on Tuesday but did not go to the infirmary. She went to classes on Wednesday but did not go to the infirmary. She did not go to the infirmary any day that week.

Plaintiff was under the impression the University had in effect a rule requiring resident students to present themselves to the infirmary before calling for outside medical assistance; however, she had never seen such rule in writing nor been informed of any such rule by any official of the University.

On Friday plaintiff went to All Saints Hospital for X-rays. Her injury proved to be serious. She stayed in the hospital from December 16 until Christmas Day. After spending a few days at home, she returned to the University and stayed in the infirmary about five weeks.

Texas Christian University, a corporation, is a nonprofit organization operated by a board of trustees, a president and other officers, without any one receiving pecuniary profit, and is an institution of higher learning devoted to public education.

In Southern Methodist University v. Clayton, 142 Tex. 179, 176 S.W.2d 749, the Supreme Court held: "Because it is devoted to public education without private gain, the university is a charitable institution, despite the fact that it is under the control

Simon & Simon and Sheldon Anisman, Fort Worth, for appellant.

Brown & Murray, and M. Hendricks Brown, Fort Worth, for appellee.

RENFRO, Justice.

Plaintiff brought suit against defendant for damages for personal injuries sustained by her when she fell on the steps outside Shirley Hall, the dormitory in which she resided as a student of defendant University.

From an adverse summary judgment plaintiff appealed.

Plaintiff claimed the defendant was negligent in failing to provide a doctor or proper medical care for her, and was negligent in hiring an incompetent employee.

According to plaintiff's deposition, she fell shortly after 9:00 P.M. on a Saturday. Her ankle was hurt. She was carried to the University infirmary by fellow students where she saw the head of the infirmary, Mrs. Steers. Mrs. Steers told her the ankle was sprained. Mrs. Steers packed the ankle

of a religious denomination and charges tuition." The court held further: "It seems definitely established in this state that a charity corporation is liable to an employee for injuries proximately caused by the negligence of its officers, vice principals or agents. Armendarez v. Hotel Dieu, Tex.Civ.App., 145 S.W. 1030; Hotel Dieu v. Armendariz, Tex.Civ.App., 167 S.W. 181; Id., Tex.Com.App., 210 S.W. 518. On the other hand, it is equally well settled that it is not liable for such injuries to beneficiaries of the charity, provided it is not negligent in hiring or keeping the agent whose negligence proximately causes the injuries. The principle has been applied in several cases where injuries were received by patients in charity hospitals because of the alleged negligence of nurses. See St. Paul's Sanitarium v. Williamson, Tex.Civ. App., 164 S.W. 36; error refused; Barnes v. Providence Sanitarium, Tex.Civ.App., 229 S.W. 588, error dismissed; Baylor University v. Boyd, Tex.Civ.App., 18 S.W.2d 700; Enell et al. v. Baptist Hospital, Tex.Civ. App., 45 S.W.2d 395, error refused; Steele v. St. Joseph's Hospital, Tex.Civ.App., 60 S.W.2d 1083, error refused."

Plaintiff's affidavit and deposition presented no testimony that the defendant was negligent in hiring or keeping any agent whose negligence proximately caused plaintiff's injuries; hence she failed to bring her claim within any exception to the charitable immunity rule set out in the Clayton case.

■ Plaintiff contends the defendant had a nondelegable duty to maintain the step on which plaintiff fell in a safe condition, and that it was negligent in several respects thereto.

In an affidavit attached to her reply to the motion for summary judgment, the plaintiff merely stated, as to the fall, "I was injured when I fell down some steps leading to Shirley Hall where I was a resident on the 10th day of December, 1960, thereby severely injuring my right ankle."

In her deposition she testified she had lived in Shirley Hall for three months and frequently used the south entrance; that there is a wide set of steps that go down with hand rails on either side, then a long cement patio, then double steps with no hand rails and no lights near them; she was wearing rubber soled kedge type shoes; the bottoms of the shoes were corrugated; she could not say if the steps were wet; they did not feel slippery; there were lights on either side of the double doors of the dormitory. She was asked, "Tell me exactly what happened as you went down that last set of steps." She answered, "I just simply walked down them and the next thing I remember I was on the ground." She testified there was no foreign object on the steps; there were no holes in the steps; she did not remember seeing any water or mud on the steps; while there were no lights at the steps, it was "not by any means" completely dark. In answer to a question as to what caused her to fall on that particular step, she answered, "That is what I was trying to figure out all this time. I felt as though my foot was caught, only I don't see how it could have been because there wasn't anything about the step to catch my foot."

In our opinion the affidavit and deposition failed to present an issue or issues which would establish negligence on the part of defendant in the manner of maintenance of the step in question.

The mere fact that plaintiff fell on the step did not establish negligence on the part of the defendant. Houston Nat. Bank v. Adair, 146 Tex. 387, 207 S.W.2d 374.

The judgment is affirmed.