**James LIEBMAN, Appellant,**

**v.**

**Morin SCOTT, d/b/a Tidelands Motor Inn, Appellee.**

**No. 62.**

Court of Civil Appeals of Texas.

Corpus Christi.

April 22, 1965.

Rehearing Denied June 17, 1965.

Newton B. Schwartz, Frank C. Herzog, of Schwartz & Lapin, Houston, for appellant.

Richard B. Miller, R. Gordon Gooch, of Baker, Botts, Shepherd & Coates, Houston, for appellee.

SHARPE, Justice.

This is an appeal from a judgment non obstante veredicto rendered in favor of appellee, Morin Scott, d/b/a Tidelands Motor Inn, defendant below, and against James Liebman, plaintiff below.

Liebman sued Scott for damages on account of personal injuries sustained on March 20, 1960, when he walked through a glass sliding door in Room 161 at the Tidelands Motor Inn, Houston, Texas, where he was a paying guest.

In response to nine special issues the jury found that Scott failed to use such appropriate design of the sliding glass door providing entrance and exit from Room 161 as would have been used by a person of ordinary prudence in the exercise of ordinary care under the same or similar circumstances, and that such failure was a proximate cause of the incident in question. The jury acquitted Liebman and his wife of contributory negligence, found that the incident in question was not the result of an un-

avoidable accident, and that Liebman's damages aggregated $7,743.30.

The trial court granted the motion for judgment non obstante veredicto on the ground that Scott did not violate any duty which he owed to Liebman with regard to the condition made the basis of this suit and that a directed verdict in favor of Scott would have been proper.

On this appeal Liebman asserts six points of error, contending primarily that the trial court erred in failing to render judgment in his favor and in granting judgment non obstante veredicto for Scott. Scott contends that the latter action was proper, but, alternatively asserts that if the judgment is reversed, the case should be remanded for new trial because the lower court did not submit an issue to the jury on the question of whether the design of the glass door in question was "open and obvious".

The basic facts are as follows: On March 20, 1960, Liebman and his wife were paying guests at the Tidelands Motor Inn, Houston, Texas. About 9:00 P.M. on said date Liebman, his wife and two other couples returned to Room 161 following dinner at a restaurant. There were two entrances to said room, one of which was a sliding glass door in the outside wall near the parking lot, and the other a wooden door on the opposite side of the room. Liebman and the other persons used the sliding glass door to enter the room on said occasion. Shortly thereafter Liebman decided to go to his car which was parked about forty feet from the outside glass door in order to get a map. He left the said door open, as it had been for a short time theretofore. While Liebman was outside, and unknown to him, his wife closed the sliding glass door. The lights inside said room were on. When Liebman attempted to re-enter the room he walked straight into the glass door, colliding with it and sustaining injuries, particularly to his leg, when the glass shattered. There were no push bars, tapes or other markings on the door and the glass was highly polished and clean. There was a narrow

aluminum frame around the glass portion of said door in which there was a small lock mounted in the left side thereof, facing it from the outside, and there was a small handle immediately to the right of said lock which extended a short distance in front of the glass. Liebman thought he was walking through the space left by the open door, but instead, he walked into the glass. Liebman said he had used the glass door in the daytime prior to the accident, but not at night that he could recall.

The judgment of the trial court, rendered non obstante veredicto, is squarely based upon the premise that Scott did not violate any duty which he owed to Liebman with regard to the conditions made the basis of this suit. It is apparent that Scott, as owner and operator of Tidelands Motor Inn, at which Liebman was a paying guest and business invitee, was required to use ordinary care to keep his land and premises in a reasonably safe condition for such invitees. Scott had a duty to protect his invitees from dangers of which he knew, or because of his duty to inspect, of which he should have known. Smith v. Henger, 148 Tex. 456, 226 S.W.2d 425, 20 A.L.R.2d 853 (1950); Genell, Inc. v. Flynn, 163 Tex. 632, 358 S.W.2d 543 (1962). As to dangers which were not open and obvious, Scott was under a duty to take such precautions and give such warnings as would a reasonably prudent person under the circumstances. Halepeska v. Callihan Interests, Inc., 371 S.W.2d 368 (Tex.1963).

If the evidence herein conclusively established that the design of the sliding glass door presented a dangerous condition which was known and appreciated by Liebman, then it is apparent that Scott owed no duty to take precautions or warn him of such danger, and Liebman could not recover. There is no doubt that the said glass door when closed presented a dangerous condition if a person walked into it. However, if reasonable minds could differ as to whether Liebman had knowledge of and appreciated such dangerous condition, then a jury issue

was presented as to such facts, and if established favorably to Liebman (that he did not have such knowledge or appreciation) would lead to the further inquiry as to whether Scott was negligent in failing to take precautions for Liebman's safety or to warn him of such danger.

In support of his position, Liebman places reliance upon the case of Fisher Construction Company v. Riggs, 320 S.W.2d 200 (Tex.Civ.App.1959), reversed and remanded to the Court of Civil Appeals in 160 Tex. 23, 325 S.W.2d 126 (1959), trial court judgment affirmed as on original disposition, 326 S.W.2d 915 (Tex.Civ.App.1959), and a number of out of state authorities involving glass doors or windows, as well as upon the principles announced in Halepeska, supra. Scott relies principally upon the cases of A. C. Burton Co. v. Stasny, 223 S.W.2d 310 (Tex. Civ.App.1949, wr. ref.); Acme Laundry Co. v. Ford, 248 S.W.2d 745 (Tex.Civ.App.1955, wr. ref. n. r. e.); Crawford v. Given Bros., 318 S.W.2d 123 (Tex.Civ.App.1958, wr. ref. n. r. e.); Raeburn v. City of Houston, 346 S.W.2d 488 (Tex.Civ.App.1961, wr. ref. n. r. e.), as well as a number of out of state authorities, all involving glass.

One of the most recent decisions involving injuries from glass doors is Jiffy Markets, Inc. v. Vogel, 340 F.2d 495 (8th Cir., January 26, 1965). That case affirms a recovery for the plaintiff therein based upon a jury verdict. The opinion reviews a number of cases involving glass doors, panes and windows and distinguishes some of them where recovery was denied to plaintiffs on the no duty theory.

A careful review of the evidence in this case, considered in the light most favorable to Liebman, convinces us that the trial court erred in rendering judgment non obstante veredicto on the basis that Scott did not violate any duty which he owed to Liebman with regard to the conditions made the basis of this suit. The evidence shows that a comparatively inexpensive tape properly placed on·the sliding glass door would have served to give warning when it was closed, and that

a more expensive push bar, properly located, would have given such warning and, also, prevented to a great extent a violent collision with the glass in said door under most conditions. Photographs in evidence strongly support testimony offered by Liebman to the effect that when a person approached the sliding glass door from the outside at night, it appeared to be open when it actually was closed. The cases relied upon by Scott can all be distinguished so as to allow recovery to Liebman in this case, provided he is able to secure jury findings favorable to him upon the controlling issues.

On the trial of the case, the trial court refused Scott's request that the following special issue and definition be submitted to the jury:

"Do you find from a preponderance of the evidence that the design of the sliding glass door providing entrance and exit from room 161 was open and obvious to the plaintiff, James Liebman, prior to the occasion made the basis of this suit?"

"A condition is open and obvious to a person, if such person knows or in the exercise of ordinary care should know of it, and if such person also appreciates or in the exercise of ordinary prudence should appreciate the full extent of the danger involved in its use."

The action of the trial court in refusing to submit said issue with its accompanying definition was proper. The requested definition was duplicitous in that it included a "no-duty" theory (knows-appreciates) as well as part of a contributory negligence theory (should know-should appreciate, in the exercise of ordinary care). Furthermore, only actual knowledge, or its equivalent, and actual appreciation of the dangerous condition would be material to the "no-duty" contention of Scott. Halepeska v. Callihan Interests, Inc., supra. No such issues were requested. Neither were the "should know" or "should appreciate" phases of knowledge and appreciation re-

quested in connection with issues of contributory negligence. No objections were made to the charge of the court for failure to submit any of such issues. The jury found in favor of the Liebmans on the issues of contributory negligence, i. e., alleged failure to keep a proper lookout on the part of Mr. Liebman, and the closing of the sliding glass door on the part of Mrs. Liebman. In the absence of proper objections or the refusal of other properly requested issues or definitions, it appears that Liebman is entitled to judgment based upon the jury verdict.

For the reasons given, the judgment of the trial court is reversed and is here rendered in favor of Liebman against Scott, d/b/a Tidelands Motor Inn, in the amount of $7,743.30, with interest at 6% per annum from August 19, 1963, together with costs of this court and the court below.