**A. L. COLLINS, Appellant,**

v.

**ECTOR THEATER, Appellee,**
**No. 6281.**

Court of Civil Appeals of Texas,
El Paso.

June 6, 1973.

Warren E. Burnett, Associated, Bob Hoblit, Phillip D. Hardberger, Ruff Ahders, Odessa, for appellant.

Shafer, Gilliland, Davis, Bunton & McCollum, Perry Davis, Jr., Odessa, for appellee.

## OPINION

PRESLAR, Justice.

This is an appeal from a suit arising from injuries sustained by Appellant's wife, Mrs. A. L. Collins, when she fell in the Ector Theater while descending the balcony steps. Appellant's suit was based on the theory of negligence. At the close of evidence, the trial Court granted Appellee's motion for instructed verdict, holding there was no negligence in that Appellee had neither owed nor violated any duty to Appellant. We affirm.

Appellant's wife, together with her neighbor and her daughter, purchased tickets to see a Friday night movie in Appellee's theater on August 9, 1968. Appellant's wife testified that they arrived approximately twenty minutes late for the first feature; that the theater was filled and seats were eventually found under the projection booth in the upper balcony. After Appellant's wife and her companions were ushered to their seats, they viewed the remainder of the feature, and stayed for the first twenty minutes of the second feature. Appellant's wife, preceded by her companions, then left their seats and began walking down the balcony steps. Appellant's wife stated that she "didn't know there would be any more steps," and that "I just missed the step and just went flying." Appellant's wife sustained a broken foot in the fall, but did not realize the extent of her injury until hours later. Appellant's wife testified that she knew of no witnesses to the accident, and that at the time she did not report her fall to the theater management.

Appellant and his wife contend, by their first point of error, that the evidence creates a fact issue as to whether or not the Appellee violated a duty owed to Appellant as an invitee.

Plaintiff's Original Petition alleged four acts of negligence on the part of Appellee:

"1. In that Defendant failed to have aisle lights in the section of the theater where the accident took place.

2. In that Defendant failed to provide an usher with a flashlight to assist people leaving the theater.

3. In that the Defendant failed to provide any light so the steps leaving the theater could be seen, and

4. In failing to timely warn the Plaintiff's wife of the danger."

The testimony in the record is extensive and well developed. As to the above mentioned allegations of negligence, Appellee testified that:

"As prescribed by law we have what we call running lights. The lights along the side of the wall, they are in alcoves, but they are so designed that they place an even glow throughout the theatre. We also, as prescribed by law, have aisle lights, I believe it is every fifth seat. Of course, we have the illumination that comes from the screen when the picture is showing and this is quite a lot of light reflected back from the screen into the house."

Appellee further testified that the lights are checked each day to insure that they are burning, and, if any are out, they are replaced before the show starts. Appellant's wife testified that in regard to handrails, she "didn't even pay any attention."

Appellant's wife further stated that "as far as really paying any attention to the lights, rails or anything, I didn't," and that "Of course I knew it was dark but movies are dark." On cross examination, Mrs. Collins described the accident in response to questioning as follows:

"Q Now, I think you told us that as you stepped down, again into this main aisle, that you stumbled on this step here?

A Yes.

Q There wasn't any light there at the step?

A No.

Q Now, had you ever noticed a light there at that step before this incident occurred?

A No, I had never paid any attention.

Q Now, when you stepped down was there some reason that you didn't have your hand on the handrail there?

A I had my hand on the handrail but I was sliding my foot for those wide steps.

Q And you stumbled?

A Yes.

Q But you caught yourself with the handrail to keep yourself from falling?

A Well, I just sat down.

Q Did you fall all the way down?

A To a sitting position on the floor, yes.

Q And then you got up?

A Yes.

Q And walked on out?

A Yes."

In view of the aforementioned testimony and a review of all of the evidence, we hold that the Appellant failed to establish an issue of fact that Appellee violated a duty to Appellant under these circumstances. In 40 Tex.Jur.2d, Sec. 6, p. 448, is found the following:

"Negligence is a failure to observe a legal duty. Moreover, to constitute negligence at all, there must be a violation of a duty owed to the very person claiming on the ground of negligence. On the other hand, when no duty exists no legal liability can arise on account of negligence."

In Bingham v. Gibson Products Company, Inc., of Odessa, 464 S.W.2d 713 (Tex. Civ.App.1971, ref'd n. r. e.), which involved a summary judgment for defendant in a "slip and fall" case, this Court stated:

"In this case, the plaintiffs base their cause of action on two allegations of neg-

ligence, complaining that the defendant maintained a dangerous condition and that the defendant was negligent in having an improperly designed sidewalk and, in particular, the ramp. The plaintiff Mrs. Bingham, by her own deposition, negates both propositions. In her deposition, pertinent portions of which are quoted in this opinion, the plaintiff has no criticism as to design, maintenance or dangerous condition; but, on the contrary, finds no fault as to either allegation. * * * There is an absolute absence of any explanation for her fall. * * * Under the present state of the record, we hold that there is no genuine issue of a material fact, and that at such time the burden shifted to the plaintiff to come forward with opposing evidence that will raise some issue as to a material fact. Goldstein v. Corrigan, Tex.Civ. App., 405 S.W.2d 425 (n. w. h.); McDonald, Texas Civil Practice, Vol. 4, § 17.28(IV)(iii), p. 1388. This the plaintiffs have not done."

In J. Weingarten, Inc. v. Bradshaw, 438 S.W.2d 435 (Tex.Civ.App.—Houston (1st Dist.) 1969, ref'd n. r. e.), the Court stated:

"It is the duty of the trial court, on proper motion, to instruct the jury to return a verdict, or to withdraw a case from the jury and render judgment, when there are no disputed issues of fact, or when there is no evidence to support an issue necessary to the plaintiff's cause of action. This is true even though there is some slight testimony, if its probative force is so weak that it raises only a surmise or suspicion of the existence of the fact sought to be established. If the evidence is such that the jury could not reasonably infer the existence of the necessary fact, there is no evidence of that fact. Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059 (1898).

* * * Before evidence can support an inference from circumstances, facts must be produced which will do more than merely raise a suspicion or surmise that another fact may exist. The trial court erred in failing to sustain appellant's motion for instructed verdict. J. Weingarten, Inc. v. Razey, 426 S.W.2d 538 (Tex.1968); Texas Employers Insurance Ass'n v. Mints, 10 S.W.2d 220 (Austin Tex.Civ.App.1928, no writ hist.)."

In George v. City of Fort Worth, 434 S.W.2d 903 (Tex.Civ.App.—Fort Worth 1968, ref'd n. r. e.), a case similar to the one at bar, the Court stated:

"The mere fact that plaintiff fell on the step did not establish negligence on the part of the defendants. Houston Nat. Bank v. Adair, 146 Tex. 387, 207 S.W.2d 374 (1948); Yost v. Texas Christian University, 362 S.W.2d 338 (Tex. Civ.App., 1962, no writ hist.).

In our opinion plaintiff's own testimony failed to raise any issue as to negligence on the part of defendants. She does not contend that she could procure and introduce any such evidence on a trial.

* * * We affirm the trial court primarily upon the basis that there was no evidence, or, at the most, a mere scintilla of evidence of negligence on the part of defendants. In support of such holding we cite Acme Laundry Co. v. Ford, 284 S.W.2d 745 (Tex.Civ.App., 1955, ref., n. r. e.); Raeburn v. City of Houston, 346 S.W.2d 488 (Tex.Civ.App., 1961, ref., n. r. e.); Crawford v. Given Bros., 318 S.W.2d 123 (Tex.Civ.App., 1958, ref., n. r. e.)."

In view of our holding that the evidence failed to establish negligence on the part of Appellee, Appellant's first point of error is overruled. There being no evidence of negligence, Appellant's points of error two and three, which contend that Appellant is not contributorily negligent as a matter of law and that Appellant is not barred from recovery by the doctrine of volenti non fit injuria, are not discussed, but have been considered, and are overruled.

The judgment is affirmed.