**FOODWAY, INC., Appellant,**

v.

**Damiana CAMACHO, Individually and as next friend of Maria Angelita Camacho, a minor, Appellees.**

**No. 6426.**

Court of Civil Appeals of Texas, El Paso.

Feb. 12, 1975.

Rehearing Denied March 5, 1975.

Kemp, Smith, White, Duncan & Hammond, Joe Lea, Jr., Jim Curtis, El Paso, for appellant.

Alan C. Nasits, El Paso, for appellees.

## OPINION

OSBORN, Justice.

This is a venue case. Suit was instituted by the next friend of Maria Camacho, a minor, for personal injuries sustained by Maria when she ran through a glass panel in the front of a Foodway store in El Paso. Appellant filed a plea of privilege to have the case transferred to Tarrant County. A controverting plea alleged venue in El Paso County under Subdivisions 9a and 23 of Article 1995, Vernon's Tex. Rev.Civ.Stat.Ann. The trial Court overruled the plea of privilege. We reverse and order the case transferred to Tarrant County.

Maria, an eleven-year old girl, testified that she had been to the Foodway grocery store often. Just prior to this accident on the night of March 28, 1973, she had seen customers go in and out the glass doors at the front of the store. She had also just seen the window, which she later ran through, being cleaned. She testified concerning the window, which she ran through, as follows:

"Q. Do you remember seeing advertising stickers on that window?

"A. No, they had just finished cleaning the window.

"Q. Had you seen them cleaning the windows?

"A. Yes."

Pictures offered in evidence show two glass doors, separated by a glass panel and with a glass panel on opposite sides of each door. The glass doors are encased in metal frames which outline the location of the doors between the three glass panels. The doors each had a large metal panel at the bottom and a metal rail with a push plate across the center of the door. The glass panels next to the doors have no metal rails and only a small metal strip at the bottom of the panel next to the floor. Each electrically operated door has a rubber pad at the doorway both on the inside and outside of the door itself. Facing toward the front of the store, the door on the right had a pasted-on sign in the center of the door which said "IN" and the door on the left had a similar sign which said "OUT." To the far right, facing the building, are four more large glass panels with a metal guardrail to protect the front of the store in an area where push carts are generally unloaded.

The trial Court found that Maria did not intentionally run through the plate glass window, which had been washed and was clear and unmarked. The Court also found that the placing of a clear glass window without a guardrail or other protective device next to the electrically operated door was a structural design defect, about which there was no warning, and that such design defect resulted in a breach of duty owed to Maria and was a proximate cause of her injuries.

By a single point of error, Appellant attacks the trial Court's determination that Appellee proved a cause of action under the facts in this case. Under both Subdivisions 9a and 23 of Article 1995, Tex.Rev.Civ.Stat.Ann., it was necessary for Appellee to prove a negligent act or omission upon the part of the Appellant-store owner in order to make out a prima

facie case. Furr's, Inc. v. Behringer, 340 S.W.2d 125 (Tex.Civ.App.—Eastland 1960, no writ).

In at least four instances the Appellate Courts of this State have considered suits for damages arising from a person proceeding through a plate glass window next to a door. In A. C. Burton Co. v. Stasny, 223 S.W.2d 310 (Tex.Civ.App.—Galveston 1949, writ ref'd), it was contended that the transparent and highly polished plate glass window was not readily visible and that it looked like an open door. In holding that there was no breach of duty to the invitee in that case, the Court noted that the duty to keep the premises safe applies only to defects or conditions which are in the nature of hidden dangers which would not be observed in the exercise of ordinary care.

Following the holding in the Stasny case, this Court in Acme Laundry Company v. Ford, 284 S.W.2d 745 (Tex.Civ.App.—El Paso 1955, writ ref'd n. r. e.), concluded that clear glass panels adjacent to a glass door "were open and obvious and readily discernible to anyone, and not concealed in any manner." A similar issue was again before this Court in Crawford v. Given Brothers, 318 S.W.2d 123 (Tex. Civ.App.—El Paso 1958, writ ref'd n. r. e.), in a suit for damages sustained by a seven-year old boy who ran through a glass panel in the front of a store. In that case the Court in an opinion by Chief Justice Hamilton said:

> "The question for us to determine is whether or not appellee owed the child, David Crawford, any duty to give him any special warning that the glass panel was there by the side of the door. We think not. It appears to us from the evidence submitted and from common knowledge, that store fronts of solid, clear glass panelling are commonly accepted as sound and safe building construction, and is not considered a type of construction that is dangerous in itself. Thousands of people—men, women and children—go in and out of stores with solid glass fronts from day to day without incident. We hold that the front of the store maintained by Given Brothers was of a type in general use and of a design commonly accepted as architecturally sound and safe, and, consequently, no duty was owed the child to give it any special type of warning. * * *."

The same conclusion was reached in Raeburn v. City of Houston, 346 S.W.2d 488 (Tex.Civ.App.—Waco 1961, writ ref'd n. r. e.), in a case involving an eight-year old boy who ran through a plate glass window adjacent to a door in a recreation building.

In the case now before this Court, no testimony was offered to even raise an issue of a structural design defect. The trial Court's finding is not only without support in the record, but clearly contrary to the holding in the Crawford case. Thus, the basis for the overruling of the plea of privilege is erroneous and the trial Court's order must be reversed and the case transferred to Tarrant County.

Appellee urges that the holding in Scott v. Liebman, 404 S.W.2d 288 (Tex.1966), should be controlling in this case. That case is distinguishable on several relevant facts. First, our case involves a static condition, not a sliding door. Second, the plaintiff in the Scott case entered the room through the area designed for a door or entryway, whereas in our case the plaintiff entered not at a designated doorway, but at a location which was never intended to serve as a door or entryway. And finally, in our case the plaintiff had seen the window cleaned and knew of its presence, had seen people go in and out the door and knew of its location, and yet she did not attempt to enter in an actual entryway, as did the plaintiff in the Scott case.

The Appellant's point of error is sustained, the judgment of the trial Court is reversed, and the case is ordered transferred to Tarrant County, Texas.