

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00328-CV

———————————————

Ruby Taylor, Appellant

V.

Goodwill Industries of Fort Worth, Appellee

On Appeal from the 348th District Court
Tarrant County, Texas
Trial Court No. 348-331274-22

Before Sudderth, C.J.; Birdwell and Wallach, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

While walking in the parking lot of a store owned by Appellee Goodwill Industries of Fort Worth, Appellant Ruby Taylor tripped over a yellow concrete parking block and suffered injuries. She sued Goodwill for premises liability, alleging that the concrete block was camouflaged by its color and positioning—it was within a no-parking zone painted with parallel yellow stripes, which Taylor claimed created the "optical illusion" that the concrete block was a painted stripe. The trial court concluded that the block was an open and obvious danger as a matter of law, so it granted traditional summary judgment for Goodwill. Because we agree, we will affirm.

## I. Discussion

The sole issue on appeal is whether there was a genuine issue of material fact regarding the concrete block's being an open and obvious danger. If there was a fact issue on this question, then summary judgment was precluded; if there was not, then summary judgment was proper.

## A. Standard of Review and Governing Law

We review a summary judgment de novo, considering the summary judgment evidence in the light most favorable to the nonmovant. *SandRidge Energy, Inc. v. Barfield*, 642 S.W.3d 560, 566 (Tex. 2022); *Harkins v. Wal-Mart Stores Tex., LLC*, No. 02-21-00201-CV, 2022 WL 3453548, at *3–4 (Tex. App.—Fort Worth Aug. 18, 2022, pet. denied) (mem. op. on reh'g). A defendant is entitled to traditional summary

2

judgment on a premises liability claim if it conclusively negates at least one essential element of that claim, showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Hillis v. McCall*, 602 S.W.3d 436, 439–40 (Tex. 2020); *Harkins*, 2022 WL 3453548, at *4; *see* Tex. R. Civ. P. 166a(b), (c). The duty element of a premises liability claim can be negated by conclusively establishing that the allegedly hazardous condition is open and obvious. *See Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 203–04 (Tex. 2015); *Culotta v. DoubleTree Hotels LLC*, No. 01-18-00267-CV, 2019 WL 2588103, at *3 (Tex. App.—Houston [1st Dist.] June 25, 2019, pet. denied) (mem. op.).

Generally, a premises owner (here, Goodwill) owes an invitee (Taylor[1]) a duty to make safe or warn against concealed, unreasonably dangerous conditions of which the premises owner is or should be aware and the invitee is not. *Hillis*, 602 S.W.3d at 440; *Austin*, 465 S.W.3d at 202–03. But if a hazard is open and obvious, then the invitee is charged with awareness of the danger, and the premises owner "has no obligation to warn . . . or make the premises safe, as a matter of law."[2] *Los Compadres Pescadores, L.L.C. v. Valdez*, 622 S.W.3d 771, 788 (Tex. 2021); *see SandRidge Energy*, 642

---

[1]The parties agree that Taylor was an invitee, i.e., a person "who enters the property of another 'with the owner's knowledge and for the mutual benefit of both.'" *Austin*, 465 S.W.3d at 202 (quoting *Motel 6 G.P., Inc. v. Lopez*, 929 S.W.2d 1, 3 (Tex. 1996)).

[2]There are a few exceptions to this rule, *see Austin,* 465 S.W.3d at 204–08 (discussing exceptions), but Taylor does not claim that an exception applies.

S.W.3d at 567; *4Front Engineered Sols., Inc. v. Rosales*, 505 S.W.3d 905, 912 (Tex. 2016); *see also Culotta*, 2019 WL 2588103, at *3 (explaining that there is no duty to warn "when a hazard is known to the invitee and when a hazard is open and obvious" and that they are "two sides of the same coin," one subjective and the other objective).

A danger is open and obvious if a reasonably prudent invitee would have had knowledge and appreciation of the nature and extent of the danger under similar circumstances. *Los Compadres Pescadores*, 622 S.W.3d at 788. This is a case-specific, objective test that is based on the totality of the circumstances, and it is a question of law. *Id.* at 788–89; *see Culotta*, 2019 WL 2588103, at *3 (noting that both duty and the open and obvious doctrine are questions of law).

## B. Open and Obvious Concrete Block

Taylor alleges that she presented a fact issue as to whether a reasonably prudent person would have had knowledge of the concrete block's presence and appreciation of its dangerousness.

### 1. Concrete Block's Presence

According to Taylor, the color and configuration of the block—its yellow paint and placement among parallel yellow stripes—created "an illusion" that "hid[] the elevation" and concealed the block's presence. As evidence of this, she points to photographs of the block along with deposition testimony from the Goodwill store's former assistant manager, who remembered between one and three other tripping

4

incidents involving the same concrete block, and who stated that she "could see how somebody could see" the concrete block as another painted line.[3]

Neither the photographs nor the assistant manager's testimony created a fact issue, though. Taylor photographed the block on the day of the incident, and the photograph showed that the block openly and obviously differed from the parallel yellow striping in length, height, and depth:



[3]In her response to Goodwill's motion for summary judgment below, Taylor also noted the former assistant manager's testimony that the store had occasionally used cones to block the yellow-striped space and that the store had since replaced the concrete block with "two little poles and a concrete ball." But on appeal, she focuses her argument on the photographs and references to other tripping incidents, which she claims created a fact issue.

Taylor's photograph reflected no obstructions, such as poor lighting or weather conditions, to obscure a prudent pedestrian's view of the block, and the summary judgment evidence confirmed that none were present when Taylor tripped. *Cf. Burns v. Baylor Health Care Sys.*, 125 S.W.3d 589, 599 (Tex. App.—El Paso 2003, no pet.) (agreeing with plaintiff that fact issue existed as to whether curb was unreasonably dangerous condition based on "numerous photographs of the location," which "lend[ed] support" to claim that curb's lighting, painting, and surroundings "made that curb difficult to see").[4]

Goodwill's internal incident report (which the assistant manager had submitted to the corporate office, and which Taylor offered as evidence) stated that Taylor had

---

[4]Taylor analogizes the concrete block "illusion" to the "illusion" discussed in *Burns*, another premises liability case. There, the plaintiff tripped while stepping off a curb as she exited the elevator area of the defendant's parking garage. *Burns*, 125 S.W.3d at 592. She asserted that "the parking garage floor and curb in front of the elevators were painted in such a manner as to create the illusion that there was no curb." *Id.* After the trial court granted summary judgment for the defendant, the court of appeals reversed, holding that there was a genuine issue of material fact as to whether the curb presented an unreasonable risk of harm. *Id.* at 598–99.

*Burns* is not binding on us, though, and even if it were, it was based on the facts and circumstances of that case, which included poor lighting and "numerous photographs of the location" that "lend[ed] support to [the plaintiff's] claim that the way the curb and surroundings were painted made that curb difficult to see." *Id.* at 599. There is no evidence of poor lighting here, and the photographic evidence undermines Taylor's claim rather than supports it. *Cf. George v. City of Fort Worth*, 434 S.W.2d 903, 905–07 (Tex. App.—Fort Worth 1968, writ ref'd n.r.e.) (rejecting plaintiff's argument that bottom step of unlit stairwell blended with walkway to create optical illusion, affirming summary judgment for defendants due to lack of evidence of negligence, and noting further that hazard was open and obvious).

6

tripped on a "[c]loudy, . . . [d]ry" day at approximately 2:00 p.m., and Taylor confirmed that it had not been dark outside when she tripped. In her deposition, she explained that she had been talking with and looking at her granddaughter while she was walking into the store, and she "did not see [the block]."

Failing to see a walkway obstacle is an ordinary human experience, but it does not mean that the overlooked obstacle is concealed from the view of a reasonably prudent person. *See Culotta*, 2019 WL 2588103, at *4 (holding tiered decorative fountain in restaurant was open and obvious when plaintiff tripped on low-profile edge of fountain and nothing indicated it was concealed); *Martin v. Gehan Homes Ltd.*, No. 03-06-00584-CV, 2008 WL 2309265, at *2 (Tex. App.—Austin June 4, 2008, no pet.) (mem. op.) (holding that, although plaintiff claimed he did not notice absence of guardrails, "the hazards presented by the second-floor landing and the absence of guardrails were not concealed, but were open and obvious"); *cf. Martin v. Chick-Fil-A*, No. 14-13-00025-CV, 2014 WL 465851, at *1–6 (Tex. App.—Houston [14th Dist.] Feb. 4, 2014, no pet.) (mem. op.) (holding that yellow concrete parking block dividing drive-thru lanes did not present an unreasonable risk of harm, noting that block was "clearly marked with yellow paint," and affirming summary judgment for defendant).

For much the same reason, the assistant manager's references to other tripping incidents did not create a fact issue on the obvious presence of the concrete block. There was no evidence of the circumstances or causes of the incidents alluded to by the assistant manager other than her memory that the individuals had not seen the

7

concrete block before they tripped.[5] But again, common experience and common sense dictate that the failure to see a walkway obstacle does not mean that it is concealed. The other tripping incidents could, for example, have involved individuals texting while walking, navigating hazardous weather conditions, carrying large purchases in their arms, or doing any of the other routine activities that distract pedestrians and cause them to overlook otherwise-obvious obstructions. So while evidence of these other tripping incidents could have been probative if such incidents had stemmed from the same perceived "illusion," without evidence of the circumstances, attributing them to the alleged "illusion" would be "mere surmise or suspicion." *See Harkins*, 2022 WL 3453548, at *4 (stating rule that "[e]vidence does not exceed a scintilla [and therefore does not raise a fact issue] if it is so weak as to do no more than to create a mere surmise or suspicion that the fact exists"); *cf. Seideneck v. Cal Bayreuther Assocs.*, 451 S.W.2d 752, 754 (Tex. 1970) (noting that "evidence of other falls attributable to the same condition . . . would be probative, although not conclusive, on the question" of whether the condition is unreasonably dangerous); *Martin*, 2014 WL 465851, at *4 (similar).

---

[5]Although the assistant manager believed that incident reports had been completed for the other tripping incidents, she stated that such reports would have been on file with Goodwill, and in Goodwill's discovery responses—which Taylor offered as summary judgment evidence—Goodwill stated that it had no incident reports from other tripping incidents involving the concrete block.

Even the assistant manager clarified that, despite the tripping incidents, she did not consider the concrete block hazardous "because it was, like, bright yellow . . . and very visible"—as the photographs of the block demonstrated. And Taylor herself, in another section of her appellate brief, concedes that "the presence of the yellow parking curb, in isolation, can be found to be open and obvious."

The trial court agreed, and so do we. The photographs of the concrete block and the other summary judgment evidence conclusively established that a reasonably prudent person walking into the Goodwill store under well-lit, dry circumstances similar to Taylor's would have had knowledge and appreciation of the presence of the concrete block, despite the parallel yellow striping. The condition's presence was open and obvious.

### 2. Concrete Block's Danger

Taylor further contends that, even if the concrete block's presence was open and obvious, its dangerous nature was concealed. She compares the allegedly concealed nature of the concrete block to the concealed danger of the energized powerline in *Los Compadres Pescadores* and of the bunching walkway mat in *Harkins*. *See Los Compadres Pescadores*, 622 S.W.3d at 788–90 (holding that powerline's energized state was not conclusively established as open and obvious danger); *Harkins*, 2022 WL 3453548, at *7–8 (holding that plaintiff presented fact issue regarding whether mat's "propensity to curl up and trip customers in the ordinary course of walking" was unreasonably dangerous).

9

But the danger here was inherent in the concrete block's presence, while in *Los Compadres Pescadores* and *Harkins*, the dangers stemmed from the conditions' hidden characteristics. A powerline may or may not present a risk of electrocution depending on whether it is energized, which is a characteristic that is not necessarily observable with the naked eye of a reasonably prudent person. *See Los Compadres Pescadores*, 622 S.W.3d at 788–90 (holding that "although the presence of the power line was open and obvious as a matter of law, the fact that it was energized (and thus the dangerous condition it presented) was not"). And a walkway mat may or may not present a tripping hazard depending on its tendency to roll or bunch while in use, which, again, is something that is not necessarily observable with the naked eye of a reasonably prudent person. *See Harkins*, 2022 WL 3453548, at *7–8 (holding that "[w]hile the mat's presence was obvious, the risk was not" when it "could lay flat but with the application of minimal force could roll up and cause a patron to trip and fall"). So while the conditions themselves were obvious, the conditions' dangerous characteristics were not. *See Los Compadres Pescadores*, 622 S.W.3d at 790; *Harkins*, 2022 WL 3453548, at *7–8.

The danger presented by Goodwill's concrete block, in contrast, was part and parcel of the block itself. Unlike an energized powerline or a bunching walkway mat, a concrete block is—by its very nature—raised above the ground, solid as a rock, and capable of causing a person to trip. If a reasonably prudent person had realized that the concrete block was present, then she would have realized that it could cause her to

trip. *Cf. Scott & White Mem'l Hosp. v. Fair*, 310 S.W.3d 411, 417 (Tex. 2010) (referring to "a deep hole in a parking lot or an eight-inch raised concrete bumper" as examples of open and obvious dangers in discussion of different premises liability doctrine). The risk presented by the concrete block was not attributable to any hidden characteristics.

Because the presence and dangerous nature of the yellow concrete block in front of Goodwill's store would have been appreciated by a reasonably prudent person under circumstances similar to Taylor's, it was an open and obvious danger as a matter of law, making summary judgment appropriate. We overrule Taylor's sole issue.

## II. Conclusion

The concrete block presented an open and obvious danger as a matter of law, so the trial court did not err by granting traditional summary judgment for Goodwill. We affirm the trial court's summary judgment. Tex. R. App. P. 43.2(a).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered:  March 14, 2024

11